UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINCOLN MAHARAJ,

    Plaintiff,

        v.

JOSEPH EDLOW, Director, U.S.
Citizenship and Immigration Services,

    Defendant.

Civil Action No. 25-509 (JDB)

## MEMORANDUM OPINION

Plaintiff Lincoln Maharaj seeks review of the denial of his immigrant investor petition. But this Court lacks jurisdiction to adjudicate his claims because the EB-5 Reform and Integrity Act of 2022 requires him to exhaust his administrative appeals with the U.S. Citizenship and Immigration Services before pursuing judicial review—and Maharaj has not appealed the denial of his petition within the Agency. The Court therefore dismisses the case without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

On April 28, 2017, Maharaj filed a Form I-526 Petition with the U.S. Citizenship and Immigration Services (USCIS), seeking permission to apply for an immigrant visa under the EB-5 immigrant investor program. Am. Compl. [ECF No. 8] ¶¶ 15, 17. Then, he waited. When nearly eight years had passed without a decision, Maharaj sued the director of USCIS to compel action. Compl. [ECF No. 1] at 1. Ten months later, USCIS notified Maharaj that it had denied his petition. Am. Compl. ¶ 26. Maharaj then amended his complaint, requesting review of the denial under the Administrative Procedure Act (APA). Am. Compl. at 1, 6, 10.

1

The government now moves to dismiss the Amended Complaint for lack of jurisdiction. Def.'s Mot. [ECF No. 9] at 1. It points out that in 2022, Congress stripped the federal courts of jurisdiction to review an EB-5 determination until the prospective immigrant-plaintiff exhausts their administrative appeals, 8 U.S.C. § 1153(b)(5)(P)(ii), and Maharaj has not appealed the denial of his petition to USCIS's Administrative Appeals Office. Def.'s Mot. at 2. Maharaj opposes the motion to dismiss, protesting that the exhaustion provision does not apply to him because he submitted his Form I-526 Petition before it was enacted. Pl.'s Opp'n [ECF No. 12] at 5–6.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction must "bear[] the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). And whenever a district court finds that it lacks subject matter jurisdiction, it must dismiss the complaint. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

The EB-5 Reform and Integrity Act of 2022 amended the Immigration and Nationality Act to require USCIS's Administrative Appeals Office to "provide an opportunity for an administrative appellate review" of EB-5 determinations, including denials of "a petition by an alien investor for status as an immigrant . . . ." Pub. L. No. 117-103, Div. BB, § 103, 136 Stat. 1070, 1097 (2022) (codified at 8 U.S.C. § 1153(b)(5)(P)(i)). The Act also imposed an exhaustion requirement of prospective effect on plaintiffs seeking review of EB-5 determinations in federal court. See id. § 103, 136 Stat. at 1098 (codified at 8 U.S.C. § 1153(b)(5)(P)(ii)). This much the parties agree on.

Def.'s Mot. at 2–3; Pl.'s Opp'n at 2–5.  The parties dispute, however, the relevant date for assessing the exhaustion provision's prospective effect.

Maharaj insists that the relevant date is the date he filed his petition with USCIS—April 28, 2017—so applying the later enacted exhaustion provision to him would retroactively, and impermissibly, impair his rights.  Pl.'s Opp'n at 6.  The government disagrees, asserting that the relevant date is the date USCIS denied Maharaj's petition—December 17, 2025—which occurred well after the provision's effective date.  Def.'s Reply [ECF No. 13] at 2–3.  The government is correct.

Courts generally presume that our nation's laws apply prospectively, "unless Congress has unambiguously instructed retroactivity."  Vartelas v. Holder, 566 U.S. 257, 266 (2012).  This presumption avoids statutory constructions that "would 'take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability, in respect to transactions or considerations already past.'"  Id. (quoting Propagation of Gospel v. Wheeler, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814) (No. 13,156) (Story, J.)) (citation modified).

Yet the presumption against retroactivity does not typically apply to jurisdictional changes in the law, as "application of a new jurisdictional rule usually takes away no substantive right but simply changes the tribunal that is to hear the case."  Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994) (citation modified).  And the EB-5 Reform and Integrity Act's exhaustion provision is expressly and unambiguously jurisdictional, declaring that "no court shall have jurisdiction to review a determination under this [EB-5] paragraph until the regional center, its associated entities, or the alien investor has exhausted all administrative appeals."  8 U.S.C. § 1153(b)(5)(P)(ii).

Consequently, the Court doubts that the presumption against retroactivity applies to this case.  But even assuming the presumption could counsel against some retroactive applications of

the Act's exhaustion provision,[1] the provision nevertheless applies prospectively, not retroactively, to the claims Maharaj asserts here.  See Cai v. Immigrant Inv. Program Off., Civ. A. No. 25-1289, 2026 WL 713582, at *4 (D.D.C. Mar. 15, 2026) (finding the same for a similarly situated plaintiff).

The EB-5 Reform and Integrity Act's exhaustion provision targets the "transaction" of judicial review—i.e., appeals of agency determinations in federal court.  And when the exhaustion provision took effect, Maharaj had not yet sought judicial review of a USCIS determination, so the provision did not create a new obligation "in respect to transactions or considerations already past."  See Vartelas, 566 U.S. at 266 (quoting Propagation of Gospel, 22 F. Cas. at 767).

Applying the Act's exhaustion provision to Maharaj's APA claims does not impair Maharaj's vested rights, either.  APA claims to judicial review of agency action do not accrue until a plaintiff obtains a final agency determination for the court to examine.  See Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys., 603 U.S. 799, 804 (2024) (holding that an APA claim accrues "when the plaintiff is injured by final agency action"); Hardin v. Jackson, 625 F.3d 739, 743 (D.C. Cir. 2010) (holding the same prior to the enactment of the EB-5 Reform and Integrity Act).  In Maharaj's case, a final USCIS determination giving rise to an APA claim occurred several years after the EB-5 Reform and Integrity Act's effective date.  The exhaustion provision thus could not have impaired his right to sue, because that right did not exist yet.  Contra Pl.'s Opp'n at 6.  Put simply, applying the EB-5 Reform and Integrity Act's exhaustion provision to Maharaj's claims does not retroactively abridge his substantive rights.

Maharaj resists this conclusion by citing cases applying changes the Act made to EB-5 program eligibility rules only to petitions filed after the Act's enactment.  Pl.'s Opp'n at 7.  But

---

[1] For example, the presumption against retroactivity could counsel against applying the EB-5 Reform and Integrity Act's exhaustion requirement to plaintiffs who received an adverse determination from USCIS before the Act opened a pathway for administrative appeals as of right.  See 8 U.S.C. § 1153(b)(5)(P)(i) (requiring USCIS to "provide an opportunity for an administrative appellate review" of EB-5 determinations).

the statutory provisions at issue in those cases targeted the transaction of USCIS's adjudication of immigration petitions by altering the Agency's substantive standards for approval.  See Del. Valley Reg'l Ctr., LLC v. DHS, 678 F. Supp. 3d 73, 77 (D.D.C. 2023), aff'd, 106 F.4th 1195 (D.C. Cir. 2024); Mukkavilli v. Jaddou, Civ. A. No. 22-2289, 2023 WL 4029344, at *2 (D.D.C. June 15, 2023), aff'd, No. 23-5138, 2024 WL 1231346 (D.C. Cir. Mar. 22, 2024).  So it is logical that Congress would eschew retroactivity and apply these substantive changes only to petitions filed after the Act's enactment—and the Act contains textual evidence of precisely this intent.  See, e.g., Pub. L. 117-103, Div. BB, § 105(b)(2), 136 Stat 1070, 1103 (2022) (codified at 8 U.S.C. § 1154 note) (declaring a substantive amendment to EB-5 program eligibility rules shall apply only to petitions filed after its enactment); Del. Valley Reg'l Ctr., 678 F. Supp. 3d at 87 (citing the same).

The amendment at issue here—a jurisdictional exhaustion provision—operates differently. The exhaustion provision does not alter USCIS standards for petition approval.  Rather, it constrains judicial review of agency EB-5 determinations, and thus has legal force after USCIS reaches a determination.  Accordingly, the relevant date for measuring the prospective effect of the exhaustion provision is the agency determination date—not the petition filing date, at which point no determination exists for the exhaustion provision to retroactively impact.

The EB-5 Reform and Integrity Act's exhaustion requirement prospectively applies to Maharaj's APA claims, and Maharaj has not exhausted his administrative appeals.  The Court therefore lacks jurisdiction over the case and grants the government's motion to dismiss.

## CONCLUSION

For these reasons, the government's motion to dismiss is granted and the Amended Complaint is dismissed without prejudice for lack of jurisdiction.

A separate order accompanies this memorandum opinion.

_____
/s/
JOHN D. BATES
United States District Judge

Dated: <u>May 15, 2026</u>